NEW YORK,
Oct. 1812.

MACKAY AND ANOTHER *against* J. AND L. BLOODGOOD.

MACKAY
v
BLOODGOOD.

THIS was an action of debt. The declaration contained two counts. The first count stated a submission by the parties, by *bond,* to *arbitrators,* and an *award* of 243 dollars and 68 cents, in favour of the plaintiffs, and a *breach* by reason of the non-payment of that sum by the defendants. The second count was for 56 dollars and 32 cents, on an *insimul computassent.*

The cause was tried at the *Albany* circuit, in *April,* 1812, before Mr. Justice *Spencer.* The plaintiffs produced the bond and award. The bond was in the usual form, and was subscribed by one of the defendants, with the name of the firm, and sealed with one seal, thus; " *J. & L. Bloodgood,* (L. S.)" The subscribing witness to the bond testified, that it was executed by *L. Bloodgood,* one of the defendants, who signed the partnership name. *James Bloodgood,* the other partner, was about the store at the time of the execution, but the witness did not recollect that he was actually in the room when the bond was signed.

One of the arbitrators testified that *L. Bloodgood* only signed the name of the firm, and affixed but one seal, and the other partner was not actually present when it was so signed and sealed; that *James B.* saw the bond before it was executed, and approved of it; and *L. B.* said to *J. B.* that he (*L. B.*) would execute the bond for both of them, to which *J. B.* consented.

The making and execution of the award were also proved.

The counsel for the defendants moved for a nonsuit, on the ground that the bond was not executed by both defendants; and because the award was not according to the submission, &c. The judge overruled the objections, and decided that the evidence was admissible, and sufficient to entitle the plaintiff to recover. The defendants then offered to set off a debt due to them from *James Mackay,* one of the plaintiffs; but this was objected to, because no notice of set-off accompanied the plea, and because the several debt of one of the plaintiffs could not be set off against a joint demand. The judge rejected the evidence, and the jury, under his direction, found a verdict for the plaintiffs.

A motion was made to set aside the verdict, and for a new trial.

*Where one of two partners executed an arbitration bond, to which he subscribed the name of the firm, and affixed one seal, the other partner having previously read and approved the bond, and consenting that his copartner should execute it for both, and being in the store at the time of the execution, though it was not actually signed and sealed in his immediate presence, this was held a good execution of the bond, so as to make it the deed of both.*

NEWYORK,      *I. Hamilton* and *Foot*, for the defendants, contended, that the
Oct. 1812.   bond was not well executed by both of the defendants. Both of
~~~~~~~       the defendants must sign and seal, or the one must show an au-
MACKAY       thority from the other to execute the instrument for him.
*v.*
BLOODGOOD.        An authority to execute a deed, must be by deed. An agent can-

* *Com. Dig.* not bind his principal by deed, unless he is authorized by deed.*
*Attorney,* (C. A seal is essential to a deed, and it must be an actual sealing with
1.) (C. 5.)
*Fait,* (A. 2.) wafer or wax, or some substance capable of receiving an impres-
(A 3.) (G.)
† 5 *Johns.*  sion.† The signing and sealing are not alone sufficient to give
*Rep.* 239.   validity to a deed. There must be a *delivery* of it, also, by the
             party, or by his authority.

                  It is settled, that one partner has no authority to bind his co-
‡ 7 *Term*    partner *by deed.*‡ In the case of *Ball* v. *Dunsterville,*§ the bill
*Rep.* 267.   of sale related to a partnership transaction, and the court relied on
§ 4 *Term*
*Rep.* 313.   the circumstance that it was executed by one of the partners, for
             himself and the other, *in the presence* of the other.

                  In the present case, *Brown*, the subscribing witness, does not
             state that *James Bloodgood* was present when his partner exe-
             cuted the bond, or that he gave any manner of authority to *L.
             Bloodgood* to execute it for him. The subscribing witness is
‖ 5 *Johns.*  the only competent witness to prove the execution of a deed.‖
*Rep.* 477. 1 Where he is produced, or can be produced, no other evidence
*Esp. N. P.*
*Cas.* 89.    can be resorted to.

                  *H. Bleecker*, contra, relied on the case of *Ball* v. *Dunsterville,*
             as an authority to show that where one partner executes a deed
             for himself and his copartner, by authority of such partner, and
             in his presence, it is a good deed, though but once sealed. This
             was acknowledged to be the rule of law in the case of *Ludlow and
¶ 2 *Caines'* others* v. *Simond*, decided in the court of errors,¶ where this
*Cas. in Er.* 1. point was fully discussed. It was proved that the other partner
42. 55.       saw and approved of the deed before it was executed, and was in
             the store, at the time of its execution. This is sufficient to bring it
             within the principle of the decision in *Ball* v. *Dunsterville*.

                  *Per Curiam.* One seal was sufficient, in this case, for both
             the obligors. It has been always held that one piece of wax may
             serve for several grantors, and that another person may seal for
             the obligor. (*Perk.* s. 134.) In Lord *Lovelace's Case*, (Sir *W.
             Jones*, 268.) it was admitted by the king's attorney, that " If one of
             the officers of the forest put one seal to the rolls, by assent of all

the verderers, regarders, and other officers, it is as good as if every one had put his several seal; as in case divers men enter into obligation, and they all consent and set but one seal to it, it is a good obligation of them all." The late case of *Ball* v. *Dunsterville* (4 *Term Rep.* 313.) carries the rule to the extent contended for by the plaintiffs in the present case. It was there held that if one partner, in a transaction, seal a deed with one seal, for and on behalf of himself and his partner, and by authority and in the presence of the other, it is a good execution of the deed for both. In the present case, one of the defendants sealed the bond, with one seal, for himself and his partner, with the consent of his partner, and after the partner had seen and approved of the bond, and while he was about the store, at the time of the execution. This evidence was sufficient to carry the cause to the jury, and to justify them in finding it the deed of both.

This is the only point in the case deserving of any consideration, for the objections to the award were not much relied on by the counsel, and are of no weight.

<div align="right">Motion denied.</div>