Harrington *v.* Higham.

Decree accordingly.

[Tompkins General Term, September 2, 1851. *Shankland, Monson* and *Mason*, Justices.]

---

HARRINGTON *vs.* HIGHAM and others.

Where a submission of a partnership matter to arbitration is executed by one of three partners, in the name of the firm, with the assent of another partner, but without the knowledge or approval of the third, the award, although invalid as to the firm, is binding upon the partner executing the submission, and upon the one assenting to it.

The award is also valid as to the other party to the submission. There is no want of mutuality, or consideration, in the agreement of submission; although the firm is not bound.

Harrington *v.* Higham.

A recovery may be had upon such an award, against the partners consenting to the submission, on a complaint against all the members of the firm, alleging a joint liability.

Under the 274th section of the code a judgment may be entered against one or more of several defendants, whenever a several judgment upon the facts of the case would be proper; irrespective of the character of the complaint, and whether it alleges a joint or several liability.

The true criterion now is, whether a separate action might have been maintained. If it could, a several or separate judgment is proper.

When arbitrators, in their award, exceed their powers, awarding as to matters of which by the terms of the submission, they have no cognizance, the award is nevertheless binding, provided the good can be separated from, and performed independent of, the bad.

That part of the award which relates to matters not submitted, may be rejected as surplusage.

THIS suit was brought against the defendants Abram Higham, Gerry Sanger and Henry M. Benedict, as joint debtors, upon an award of arbitrators, made against them as copartners. Higham was the acting member of the firm, and executed the submission in the firm name of Higham & Co. There was proof on the trial that Sanger assented to the submission, but none that Benedict knew or ratified it in any manner. The scope of the arbitration was to ascertain how much was due from the firm to the plaintiff on account of car axles sold and delivered. The arbitrators awarded the sum of $857, and further directed "that the parties execute and deliver to each other a mutual and general release of all demands or claims of every name or nature."

On the trial the counsel for the defendants moved that the plaintiff be nonsuited on the grounds, (1.) That the submission was not executed by the defendants. That Higham had no power or authority to bind the firm of Higham & Co. by a submission to arbitrators, and that other members of the firm were not bound by such submission. (2.) That there was no evidence of authority to execute the submission from, or ratification of it by, Benedict, and that the award was therefore invalid against all the members of the firm. (3.) That unless the submission and award made under it were binding and obligatory on all the members of the firm, the plaintiff could not recover on it against any of them. (4.) That assuming that the submis-

sion was well executed, the award was void, because the arbitra-tors exceeded their authority, and the award was not pursuant to the submission. That the parties submitted only the disputed matter as to what was due the plaintiff, if anything, on account of car axles manufactured and delivered to them by the plaintiff. That the arbitrators considered and awarded upon all claims, demands and accounts between the parties ; awarded that the parties respectively should own and keep certain axles, and also that the parties should execute to each other general releases. The motion was overruled ; the court holding that Higham had no authority as partner to execute the submission in the name of the firm, and that by so doing he did not bind the other members ; that Sanger, having ratified the submission, he was bound by it, but that it was invalid as to Benedict. Judgment was accordingly ordered against Higham and Sanger alone, in favor of the plaintiff.

The cause was tried before Justice Gridley, at the Oneida circuit in April, 1853.

*W. J. Bacon*, for the plaintiff.

*F. Kernan*, for the defendants.

*By the Court*, HUBBARD, J. It was held in this case, when formerly before this court, (13 *Barb.* 660,) that one of several partners in a trading firm, has no implied power or authority, arising from the partnership relation, to refer to arbitration any partnership interest or controversy. It was also stated in the opinion, that an award made in pursuance of a submission entered into by one member without the consent of his copartners would bind the submitting member alone, to its performance, and not the firm. The following authorities sustain this proposition. *McBride* v. *Hagan*, (1 *Wend.* 326.) *Stead* v. *Salt*, (3 *Bing.* 101.) *Strangford* v. *Green*, (2 *Mod.* 228.) *Watson on Arb.* 81. This appears to be the settled law of this state and England. The same principle, with a familiar rule in agency, would of

Harrington *v.* Higham.

course render the award obligatory upon each member of the firm ratifying or assenting to the submission.

The submission in this case was executed by Higham, in the name of the firm, with the express assent of Sanger. There was no proof that Benedict ever knew or in any manner approved of the arbitration. It follows that the award, although invalid as to the firm, is valid against the individual members, Higham and Sanger. See case of *Mackay* v. *Bloodgood,* (9 *John.* 285,) as to one copartner ratifying submissions made by another. It was insisted by the defendants' counsel on the argument, that the award was invalid as to the plaintiff, on the ground of a want of mutuality, or consideration in the agreement of submission. It was contended that the plaintiff's agreement was in consideration of the mutual promise of the firm of Higham & Co. whereas the firm were not bound, but only the consenting members individually. This position, it is plain, cannot be sustained consistently with the rule of law previously stated, for it strikes at the root of the whole proceeding, rendering the entire award a nullity. If the plaintiff is not bound, it is obvious that the defendants cannot be, nor any of the members of the firm. The obligation must be reciprocal; if the award is invalid as to one party, it must be so as to the other. But we have seen that it is good against the submitting and consenting members of the firm, and hence it is good as to the plaintiff. The agreement or promise contained in the submission must be regarded as though in terms it expressed a personal undertaking, that the firm would perform the award. It amounts to this and no more. A breach gives a right of action against those members of the firm only who, in contemplation of law, entered into the submission or undertook for the firm.

It was also insisted that the plaintiff could not recover in this form of action, against a part only of the defendants; that the complaint alleging a joint liability, the proof must show a joint indebtedness; that a several judgment could not be rendered. This was the undisputed general rule before the code. There were exceptions, as where a personal defense of *infancy, bankruptcy* and the like was interposed. But the code has changed

the rule. Section 274 allows a judgment against one or more of several defendants, whenever a several judgment, upon the facts of the case, would be proper. This, it seems, is allowable, irrespective of the character of the complaint, whether it alleges a joint or several liability. The true criterion now is, under the section above referred to, *whether a separate action might have been maintained.* If it could, a several or separate judgment is proper.

This case is a fit illustration. The action clearly could have been commenced against Higham and Sanger alone; they could not plead the nonjoinder of their partner Benedict, because the suit is not against them as copartners. Judgment might have been rendered against them, upon their individual and separate liability. The code, I think, has made a salutary change, and prevented in this case, as it will in numberless similar cases, a technical judgment for the defendants putting the plaintiff to the useless ceremony, expense and delay of a new suit.

The defendants' counsel also insisted that the award is invalid, because the arbitrators exceeded their powers. It is not disputed that they had no authority to require the parties to execute mutual and general releases. The subject of the arbitration was limited to the inquiry as to the amount due to the plaintiff on account of car axles sold and delivered. It does not appear that the arbitrators took into consideration any other matters or dealings between the parties. That portion of the award in relation to the releases, may be rejected as surplusage. It has no connection with, or dependance upon, the rest. It may be separated, and the balance of the award made in pursuance of the submission may be performed. The principle is well settled that when arbitrators in their award exceed their powers, awarding as to matters of which they had no cognizance by the terms of the submission, the award is nevertheless binding, provided the good can be separated from, and performed independent of the bad. (14 *John.* 96. 2 *Cowen,* 638. 1 *Wend.* 326. 7 *Hill,* 329.) The principle applies to this case; a separation can here be made. The amount awarded was plainly intended to be the amount due for the car axles, and that alone.

The People *v.* Edmonds.

The award as to the division of certain axles between the parties was within the scope of the submission, inasmuch as it seems to have been necessary to a complete determination of the question submitted; the parties intending to settle all matters relating to the car axles.

The judgment must be affirmed.

[JEFFERSON GENERAL TERM, July 4, 1853. *Gridley, W. F. Allen* and *Hubbard*, Justices.]