## ARGUED AND DETERMINED

### IN THE

# COURT OF COMMON PLEAS

#### FOR THE

## CITY AND COUNTY OF NEW YORK.

---

WILLIAM SAGER *v.* SILLICK NICHOLS, *impleaded, &c.*

For supplies furnished a vessel upon the order of the captain, while acting for the owners, the owners are liable *in solido ;* and a non-joinder of any part-owner in an action to recover for such supplies may be taken advantage of by plea in abatement.

In an action against the owners of a vessel for supplies furnished her, where only one of the defendants is served, and it does not appear by the evidence that the other defendants are part owners—*Held,* that there was a clear misjoinder of parties defendant, which the defendant served was entitled to take advantage of at the trial, and his motion for a nonsuit should have been granted.

In an action against joint debtors or obligors where all are named as defendants a several judgment cannot be given.

APPEAL by defendant from a judgment of the Marine Court at General Term. The action was brought to recover sixty dollars for help furnished the captain of the schooner J. T. Johnson. The action was against the owners of the vessel, all of whom were included as parties defendant, but only the defendant Nichols was served with process, and plaintiff endeavored to recover against him as one of the owners.

At the trial the defendant's counsel moved for a nonsuit on the grounds, among others, that plaintiff had not shown

Sager v. Nichols.

that all of the defendants named in the process were part owners of the vessel; that it did not appear that the defendants were jointly liable, or that the other defendants were proper parties; that a several judgment could not be rendered against defendant Nichols; and that it appeared that plaintiff had not used diligence in endeavoring to serve the other defendants. The motion for nonsuit was denied, and the jury, upon the charge of the Court, rendered a verdict in favor of plaintiff, for the amount claimed. The judgment was affirmed at General Term, and the defendant appealed.

*Solomon L. Hull*, for appellant.

*Benedict, Burr & Benedict*, for respondent.

BY THE COURT.—HILTON, J.—1. For supplies furnished a vessel upon the order of the captain, while acting for the owners, the owners are liable *in solido*, and a non-joinder of any part owner in an action to recover for such supplies may be taken advantage of by plea in abatement. Abbott on Shipping, 150, 151, (7th Am. Ed.); Parsons' Mercantile Law, 338; Story on Partn. § 419; 3 Kent Com. 154, 155; Collyer on Partn. § 1226; *Ward* v. *Green*, 6 Cowen, 173.

2. The complaint averred the defendants to be owners of the vessel; it alleged a joint liability, and the plaintiff was required to prove a joint indebtedness. The evidence only showed two of the defendants named to be owners.

There was a clear misjoinder of parties defendants, which the appellant was entitled to take advantage of at the trial by his motion then made for a nonsuit. Graham's Practice, 95; *Harrington* v. *Higham*, 15 Barb. 524; *Robertson* v. *Smith*, 18 John. 480.

5. In an action against joint debtors or obligors, where all are named as defendants, a several judgment cannot be given. *Gilman* v. *Rives*, 10 Peters, 298; *Robertson* v. *Smith*, 18 John. 459, *sup.*; *May* v. *Roberts*, 2 Bos. & Pul. N. S. 454; 1 Chitty Pl. 46, 7 Am. Ed.; Code, § 136, sub. 1.)

Judgment reversed.