## VAN NESS and another, impleaded with NICHOLS and others, vs. CORKINS.

Where a motion is made during the progress of a cause, it is irregular to order that the costs allowed on a denial of the motion be entered in the final judgment in the action. The payment of such costs is to be enforced by a special proceeding, to be taken according to the provisions of chapter 149 of the Revised Statutes of 1858.

A judgment may be entered against any one or more of several defendants, wherever a several suit might have been brought, or a several judgment upon the facts of the case would be proper; and that without regard to the character of the complaint, and whether it alleges a joint or several liability.

ERROR to the Circuit Court for *Rock* County.

The facts in this case are sufficiently stated in the opinion of the court.

*Knowlton, Prichard & Jackson,* for plaintiffs in error.

*Conger & Hawes,* for defendant in error.

July 10.    *By the Court,* DIXON, C. J.    This was an action commenced by the defendant in error (plaintiff below) in the circuit court for the county of Rock, against *Van Ness* and *Hill* as the makers, and *Nichols* and others as the indorsers, of a promissory note, to recover a sum of money alleged to have been due upon the same. The summons was regularly served upon *Van Ness* and *Hill* in the county of La Crosse, where they resided. *Nichols* and others, the indorsers, who resided in the county of Rock, were not served. No attempt was made to serve them. *Van Ness* and *Hill* answered, setting up that the note was given to *Nichols* and others, the payees and indorsers, on the purchase from them of a portable grain mill, which was warranted by the payees to be perfect in all its parts and machinery, and to do business in a particular

manner, and alleging a breach of the warranty, and damages
to the full amount of the note, and that the defendant in er-
ror was not a *bona fide* holder of it. The answer was ac-
companied by a demand that the trial be had in the proper
county, to wit, the county of La Crosse, instead of the county
of Rock, as designated in the complaint. This demand was
followed by a motion to the court at the same term of, but
before the trial, that the venue be accordingly changed.
This motion was overruled with five dollars costs to be paid
by the defendants to the plaintiff below; and it was further
ordered that the same be inserted in the judgment in the
case as costs of the action. At a subsequent day of the term
the cause was tried before a jury, who returned a verdict for
the plaintiff and against the defendants below, for the amount
of the note and interest. Upon the receipt of the verdict,
the attorneys for the plaintiff suggested that the defendants
*Nichols* and others, indorsers, had not been served with pro-
cess, and asked leave of the court to enter the verdict and
judgment against *Van Ness* and *Hill* alone, which was accord-
ingly granted. That the verdict and judgment were so en-
tered, appears from recitals contained in the judgment itself.

A bill of exceptions, embodying the exception of the de-
fendants *Van Ness* and *Hill* to the order of the court refus-
ing to change the place of trial, was afterwards settled; but
on the case reaching this court, it was stricken out for irreg-
ularity. And although we are, for that reason, precluded
from considering the regularity of the order, yet we may be
permitted to say that it was clearly irregular in directing
that the costs allowed on the motion be inserted in the final
judgment of the cause. Such costs form no part of those
finally taxable on the recovery of judgment. The payment
of such costs is to be enforced by a special proceeding, to be
taken according to the provisions of chapter 149 of the Re-
vised Statutes, which are the same as those of chapter 115
of the Revised Statutes of 1849. This direction to insert
the costs in the judgment, might result in a reversal of the
order itself in that respect, for how could the court foresee
that the plaintiff was to recover judgment? If the defend-
ants succeeded on the trial, and the costs were inserted, then

June Term,
1860.

Van Ness et al.
v.
Corkins.

June Term,
1860.

they would receive the costs of the motion instead of paying them. The case does not show whether these costs were included in the final judgment or not, and therefore, it is unnecessary for us to consider how their insertion would affect the judgment.

After the bill of exceptions was rejected, it was still contended by the counsel for the plaintiffs in error, that the judgment must be reversed, because it was irregular in being entered against the defendants *Van Ness* and *Hill* alone. But in this we think they are mistaken. Under the 184th section of the Code, (sec. 26, chap. 132, R. S.,) a judgment may be entered against any one or more of several defendants, wherever a several suit might have been brought, or a several judgment upon the facts of the case would be proper; and that without regard to the character of the complaint, and whether it alleges a joint or several liability. The true test is, whether a separate action might have been maintained; and if it could, a several or separate judgment is proper. The complaint in this case alleged a separate cause of action against the defendants *Van Ness* and *Hill*, as the makers of the note. The plaintiff might, at his option, have brought a separate action against them. At the common law, he would have been compelled to do so. By section 24 of the Code, (sec. 21, chap. 122, R. S.,) he may include any or all of the parties to a bill or note in the same action, to suit his pleasure or convenience. Section 174 of our Code was identical with section 274 of the Code of New York; and as to the construction which it has received by the courts of that state, see 1 Kern., 294; 2 id., 336; 15 Barb., 524; 16 id., 33; 19 id., 321; 21 id., 26; 9 How., 204; 8 id., 151; 3 E. D. Smith, 591; and 2 Abb., 358.

The judgment of the circuit court is therefore affirmed, with costs.