THE ATLANTIC DOCK COMPANY, Respondent, v. CHARLES F. LEAVITT et al., Appellants.

*It seems* that the grantee in a deed-poll is bound by covenants therein to be performed by him; and an action of covenant may be maintained against him.

The acceptance of the deed and enjoyment of the estate granted estops him and all persons claiming under him from denying his covenants and from denying that the seal attached is his as well as that of the grantor.

Where mention is made in a deed that it is sealed by both parties, the indenture is the deed of the grantee as well as of the grantor. The deed furnishes evidence that the former has adopted the seal, and he is estopped from denying it.

*Maule* v. *Weaver* (7 Penn., 329) disapproved.

But if an action of covenant will not lie, a court of equity will restrain a grantee, or those claiming under him, from doing that which he has agreed not to do by the deed accepted by him. The agreement qualifies and attaches itself to the estate which he takes; and all persons claiming under his deed are charged with notice of the agreement, and are bound by it.

(Argued March 5th, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment in favor of the plaintiff entered upon the decision of the court at Special Term.

This action was brought to restrain defendants from using certain premises, situate in the city of Brooklyn, for the manufacture of resin oil.

In 1852 the plaintiff conveyed to one Worcester certain lots of land, situate in the city of Brooklyn, by warranty deed signed by the grantor alone with full covenants, which deed contains the following clause: "And the said party of the second part for himself, his heirs and assigns, doth hereby covenant with the said Atlantic Dock Company and their successors that neither the said party of the second part, nor his heirs or assigns, shall or will at any time hereafter erect upon any part of said lots any building except of brick or

stone, with roofs of slate or metal, or any manufactory of gunpowder, glue, varnish, vitriol, turpentine, or any brewery, distillery, slaughter-house or other noxious or dangerous trade or business."

This deed was properly recorded. Five of these lots have, through several mesne conveyances, come to the defendants, who took them by a warranty deed with full covenants, not containing the above-mentioned clause in 1863.

They had possession of the lots before they obtained their deeds, in 1861, and erected thereon a building or distillery for distilling resin oil, and have ever since carried on that business.

The plaintiff claimed that such use of the premises was in violation of the covenants contained in the deed and commenced this action to restrain the defendants from such use, praying for a perpetual injunction. The defendants denied that they had violated the covenants; the court held that defendants' business in running said distillery on said premises was dangerous, and decided, as a conclusion of law, that such business was in violation of the covenants contained in the deed, and granted the relief prayed for.

*Chas. E. Soule* for the appellants. Unless Worcester signed and sealed the deed to him from plaintiff, he is not bound by its covenants. (*Trustees of Hocking Co.* v. *Spencer*, 7 Ohio St., 2, 149; Whart. L. D., "Covenant;" *Gale* v. *Nixon*, 6 Cow., 448; *Hinsdale* v. *Humphrey*, 15 Conn., 531; Platt on Co., 18; 2 Co. Lit., by Thomas, 187; *Burnett* v. *Lynch*, 5 B. & C., 589; *Torrey* v. *Bk. of Orleans*, 9 Paige, 649; *Blyer* v. *Molhalland*, 2 Sand. Ch., 478; *Rawson* v. *Copland*, 2 id., 251; *Trotter* v. *Hughes*, 2 Kern., 78; *Halsey* v. *Reed*, 9 Paige, 446; *Curtis* v. *Tayler*, id., 436; *Ferris* v. *Crawford*, 2 Den., 595; *King* v. *Whitby*, 10 Paige, 465; *Belmont* v. *Coman*, 22 N. Y., 436; *Burr* v. *Beers*, 24 id., 278; *Ricard* v. *Sanderson*, 41 id., 179; *Bower* v. *Bell*, 20 J. R., 338; *Garnsey* v. *Rogers*, 47 N. Y., 233.) The rights plaintiff claims could only be granted by the grantee by an instrument

signed and sealed by him. (3 R. S., 5th ed., 220, 230; Gale on Easements, 5; *Worrall* v. *Munn*, 1 Seld., 229.) Defendants have not violated the covenant; their factory is not a distillery. (Worcester's Dic., ed. 1860; id., ed. 1854; Ure's Dic., Art. "Distilling;" *At. D. Co.* v. *Libby*, 45 N. Y., 499.) Plaintiff's *laches* prevent its seeking a remedy in a court of equity. (*Dana* v. *Valentine*, 5 Met., 8; *Weller* v. *Smeaton*, 1 Cox, 102; *Reid* v. *Gifford*, 6 J. Ch., 19; *B. Canal Co.* v. *Lloyd*, 15 Ves., 54; *Benhart* v. *Houghton*, 27 Beav., 425, 431; *Whitney* v. *U. R. R. Co.*, 11 Gray, 349; *Sinzee* v. *Mixer*, 101 Mass., 512, 530.)

*Samuel Hand* for the respondent. The acceptance by Worcester of the deed from plaintiff binds him and his assigns the same as if he had executed it. (Co. Lit., 230, Butler's Note [1]; *Green* v. *Horan*, 1 Salk., 197; Taylor's L. and T., § 245 [4th ed.]; *Trotter* v. *Hughes*, 2 Kern., 74; *Halsey* v. *Reed*, 9 Paige, 446; *Curtis* v. *Tyler*, id., 433; *King* v. *Whiteley*, 10 id., 465; 2 Sand. Ch., 251; *Burnett* v. *Lynch*, 5 Barn. & Cress., 596; *Finley* v. *Simpson*, 5 N. J., 311–332; 3 Washburn on R. P., 280 [3d ed.]; *Burbank* v. *Pillsbury*, 48 N. H., 475; *Spaulding* v. *Hallenbeck*, 35 N. Y., 207; *Dorn* v. *Harrahan*, 101 Mass., 398; *Thorn* v. *Keokuk Canal Co.*, 48 N. Y., 353.) Defendants were constructively forewarned that all obligations and duties the deed required of Worcester attached to them. (*Dick* v. *Balch*, 8 Pet., 30; *Sturdevant* v. *Hall*, 1 Sandf. Ch., 419; *Hale* v. *Nelson*, 23 Barb., 88; *Belmont* v. *Cowan*, 22 N. Y., 435; *Tallmadge* v. *E. River Bk.*, 26 id., 105; *Bishop* v. *Elliot*, 11 Exch., 113.) The nuisance clause in the deed covers any other articles whose manufactory is equally as dangerous or noxious as those specially mentioned therein. (*Iggulden* v. *May*, 7 East, 241; *Davis* v. *Lyman*, 6 Cow., 252; *Cullen* v. *Butler*, 5 Maule & Selw., 461; 3 Kent, 371 [7th ed.]; 3 S. R., 87; 4 id., 228; *Corning* v. *McCullough*, 1 Con., 69; *Aiken* v. *Wasson*, 24 N. Y., 484; Broome's Leg. Max., 450.) Plaintiff is entitled to have this covenant maintained, defend-

ants' business being dangerous and noxious. (*Dodge* v. *Lambert*, 2 Bos., 570 ; *Howard* v. *Ellis*, 4 Sand., 369 ; *Steward* v. *Winters*, id., 589 ; *Barrow* v. *Richards*, 3 Edw., 96 ; S. C., 8 Paige, 351 ; *Whitney* v. *U. R. R. Co.*, 23 Bost. L. R., 303 ; 3 Com. Dig., 263 ; Cor. A., 2 ; *Hoyt* v. *Carter*, 19 Barb., 212 ; *Bleeker* v. *Bingham*, 3 Paige, 246 ; *Tulk* v. *Maxhay*, 2 Phil. Ch., 174 ; *Biddle* v. *Ash*, 2 Ashm., 221 ; *Mann* v. *Stephens*, 15 Sim. Ch. ; *Cole* v. *Sims*, 23 Eng. L. ; 8 Eq. R., 584 ; *Miller* v. *Hill*, 3 Paige, 254.)

EARL, C. While the distillery used for the manufacture of resin oil was probably not such a *distillery* as was contemplated by the parties to the deed, yet the court found, upon sufficient evidence, that the business was dangerous within the meaning of the covenants contained in the deed, and that was sufficient to show a breach thereof. (*The Atlantic Dock Co.* v. *Libby*, 45 N. Y., 499.) The main question therefore to be determined is, whether the covenant in the deed to Worcester bound him, although he did not sign and seal the deed. I entertain no doubt that it did.

I have found no authority holding that the grantee in such a deed, a deed-poll, is not bound by the covenants therein mentioned to be performed by him in some form. It has, however, been held in some cases that the technical action of covenant could not be maintained against such a grantee, because he had not sealed the deed. (*Hinsdale* v. *Humphrey*, 15 Conn., 432 ; *Burnett* v. *Lynch*, 5 Barn. & Cress., 589 ; *Maule* v. *Weaver*, 7 Penn., 329 ; Platt on Cov., 18.) But I apprehend that the preponderance of authority is the other way. Platt, after reviewing the cases and laying down the law as he claims it to be, says : "Perhaps, however, the doctrine has been too long sanctioned (that such an action can be maintained) to be now reversed. At all events, it is an introduction of an equitable principle into a court of law ; the acceptance of a deed being considered equivalent to an actual execution by the lesee." It was said, in *Rogers* v. *Eagle Fire Co.* (9 Wend., 618), that "whoever takes an estate under a deed

ought, in reason and equity, to be obliged to take it under the terms expressed in the deed." In Comyn's Digest (title "Covenant," A. 1), it is said that "if a lease be to A. and B. by indenture, and A. seals a counterpart and B. agrees to the lease but does not seal, yet B. may be charged for a covenant broken." In *Trotter* v. *Hughes* (2 Kern., 74), Judge DENIO says: "The acceptance of a conveyance containing a statement that the grantee is to pay off an incumbrance, binds him as effectually as though the deed had been *inter partes* and had been executed by both grantor and grantee." In *Belmont* v. *Coman* (22 N. Y., 438), Judge COMSTOCK says: "It needs no authority to prove that if in the conveyance there are words importing that the grantee will pay the debt, he is deemed to have entered into an express undertaking to do so, although he does not sign or seal the instrument. The acceptance of a deed containing such language, is evidence of the most satisfactory kind that he has promised to do what the deed says he is to do." In *Spaulding* v. *Hallenbeck* (35 N. Y., 206), it is said that "the grantee having accepted the deed and taken possession under it, is bound by the covenants therein contained, as effectually as if he had signed them." In Greenleaf's Cruise Digest (chapter 26, title 32, section 3), it is said that "a covenant can only be created by deed, but it may be as well by deed-poll as by indenture; for the covenantee's acceptance of the deed is such an assent to the agreement as will render it binding on him. But the party must be named in the deed-poll." In Sheppard's Touchstone, 177, it is said "if feoffment or lease be made to two, and there are divers covenants in the deed to be performed on the part of the feoffees or lessees, and one of them doth not seal, and he that doth not seal doth notwithstanding, accept of the estate and occupy the lands conveyed or demised, in these cases, as touching all inherent covenants, they are bound by these covenants as much as if they do seal the deed." (See to the same effect 2 Hilliard on Real Property, 325 and note, and 364; 3 Washburn on Real Property, [3d ed.], 280; *Finlay* v. *Simpson*, 2 N. J., 311, 332.) I find

in none of these authorities any discussion of the principle upon which the liability of the grantee upon covenants in a deed-poll is based. It is said that the grantee becomes bound by the acceptance of the deed and enjoyment of the estate conveyed.

It is undoubtedly true that a seal is essential to a covenant, and that an action of covenant can be based only upon an agreement in writing under seal. In the case of a deed-poll containing covenants to be performed by the grantee, the grantee who has induced the grantor to give the deed in reliance upon the covenants, and who has accepted the deed and enjoyed the estate granted, is estopped from denying his covenants. He is estopped from denying that the seal attached to the deed is his as well as that of the grantor, and hence when sued upon his covenants the proof of the deed and of his acceptance thereof and enjoyment of the estate, conclusively establishes that he has covenanted as stated in the deed. The chancellor, in *Torrey* v. *Bank of Orleans* (9 Paige, 649), says "a recital of a fact in a deed, is as against the grantee in such deed, and all persons claiming under him through that deed, evidence of the fact recited therein, so as to save the necessity of further proof thereof by the grantor or those who claim under him." The acceptance of the deed, operates as an estoppel upon the grantee and those who claim under him, as against the grantor and his assigns or representatives. In *Sinclair* v. *Jackson* (8 Cow., 585), Chancellor JONES says: "A man who admits a fact or deed in general terms, either by reciting it in an instrument executed by him or by acting under it, shall not be received to deny its existence." And such estoppels run with the land into whose hands soever it comes. (*Porterfield Ex'rs* v. *Clark*, 2 How. U. S., 109.)

But, from the form of the attestation clause in the deed to Worcester, I think we must hold that he actually sealed the deed. It is as follows: "In witness whereof the parties hereto of the first part have caused their corporate seal to be hereunto affixed and these presents to be signed by their

president, and the *said party of the second part hath hereto*
set his hand and seal the day and year first above written."
Here is an express acknowledgment by the grantee in the
deed, which he accepted and under which he took and held
the premises granted, that he had sealed the deed. Can he
or those who hold under him be now heard to say that he
did not seal it? The deed had a seal affixed, and it is well
settled that the several persons who execute a sealed instru-
ment may use or adopt the same seal. (*Ludlow* v. *Simond*,
2 Caine's Cas. in Error, 1, 7, 42, 55; *Mackay* v. *Bloodgood*,
9 John., 285; *Van Alstyne* v. *Van Slyck*, 10 Barb., 383.)

Where two persons execute a sealed instrument, and the seal
is placed opposite the name of one, it must be shown that the
other adopted the same seal, but this may be shown by any
competent evidence; and here we have an express acknow-
ledgment of the grantee. It matters not that the grantee did
not subscribe the deed with his name. This is not essential
to a sealed instrument. All that is essential is that a party
should execute it by sealing it as his instrument. The seal
makes it his deed or specialty. It is the statute alone that
requires a deed for the conveyance of land to be signed as
well as sealed by the grantee. In Coke upon Littleton
(230 b, etc.) it is said, if mention be made in the deed "that
the grantor only hath put his seal and not the grantee, then
is the indenture only the deed of the grantor. But when
mention is made that the grantee hath put his seal to the
indenture, etc., then is the indenture as well the deed of the
grantee as the deed of the grantor." The case of *Maul* v.
*Weaver* (*supra*) is adverse to these views. In that case the
grantor alone signed the deed, and there was but one seal
opposite to his name. The attestation clause was as follows:
" In witness whereof the said parties have hereunto inter-
changeably set their hands and seals the day and year first
above written." The deed contained covenants to be per-
formed by the grantee, and in an action of covenant it was
held that the grantee was not liable because he had not sealed
the deed. Chief Justice GIBSON, in writing the opinion of

the court, says, in substance, that subscribing the deed by the grantee was not essential, and was only important as authenticating the seal; and that when but one of the parties subscribed opposite the only seal, the presumption was that he alone sealed, and that in order to bind the other party by the seal there must be some evidence to overcome this presumption, and to show that he also adopted the seal, and he held that the recital in the deed, that both parties had sealed, was not sufficient to overcome this presumption. I cannot concur in this conclusion. I think the recital in the deed which the grantee takes and holds, and under which he enjoys the estate granted, furnishes the most satisfactory evidence that he has adopted the seal, and I am also of opinion that he is estopped from denying that the recital is true.

I have thus far discussed this case upon the theory assumed by the counsel for the appellant, that it was necessary for the plaintiff to maintain that Worcester, plaintiff's grantee, was bound by the covenant contained in the deed as a sealed covenant in such a sense that an action at law upon the covenant as such could be maintained against him for any breach thereof. Upon this theory it was a covenant running with the land, and it is not disputed that this action is maintainable. But if I am wrong in all this, I find no authority against the maintenance of *this* action to restrain the defendants from doing what plaintiff's grantee, under whom they hold, agreed he would not do. All the authorities agree that some form of action, either in assumpsit, case or equity can be maintained. If the action were against Worcester, I am unable to see any objection to its maintenance. He would be held bound by the agreement contained in the deed which he accepted. The deed would be held to be evidence that he had made the agreement therein contained. And upon the theory that it was not an agreement on his part under seal, he could have been sued for any breach of it in what was formerly called an action of assumpsit or an action on the case; and a court of equity would restrain him from doing what he had agreed not to do. The agreement qualified the

estate which he took and attached itself to that estate. He contracted for himself and assigns; and when the defendants took the premises they were charged with notice of this agreement contained in the deed, through which they derive their title. They must be deemed to have assented to it, and are bound by it just as if they had made it with the plaintiff. In *Tallmadge* v. *East River Bank* (2 Duer, 615), a very learned court held that a parol agreement, partly executed, not appearing in the deed, made by a grantee not to build out to the street on the land conveyed to him, was so far binding upon those holding under him that they would be restrained from violating the agreement. And Platt, in his work above cited, seems to concede that a court of equity might enforce against a grantee a covenant contained in a deed-poll, although an action of covenant could not be maintained.

I have not overlooked other points taken by counsel for the appellants. It is sufficient to say of them that they furnish no reason for a reversal of the judgment.

The judgment must therefore be affirmed, with costs.

All concur.

LOTT, Ch. C., not sitting.

Judgment affirmed.