# SUPREME COURT.

MARY I. MUNSON and others, executors, &c., agt. MARY I. DYETT and others.

*Mortgage — Assumption of payment thereof — when married woman not liable — covenant to one not liable to pay — Costs.*

Where a husband purchased land, incumbered by a mortgage, and directed that the deed be made out in the name of his wife, he intending to make her a gift of the land; the deed contained a covenant, on the part of the grantee, to pay the mortgage; the wife was, however, ignorant of the transaction, and had no knowledge of the deed or its covenant; it appearing that the husband paid, with his own funds, the consideration on the purchase, and, in like manner, discharged the taxes and assessments:

*Held,* that the wife, on a foreclosure of the mortgage, was not liable for any deficiency arising on the sale.

Although a married woman may enter into engagements with respect to her separate estate, there is nothing in the marital relation which authorizes a husband, without his wife's knowledge or assent, to create an estate in lands in her and charge her personally with a covenant in respect thereto.

Where the grantor in a deed is not himself liable to pay a mortgage upon the land, his grantee is not liable to pay the same to the holder thereof, although, by the conveyance to him, he assumes its payment. A promise to pay an incumbrance, of which the holder can take advantage, must be made to one who is liable to pay.

*Special Term, December,* 1878.

*Erastus F. Brown,* for plaintiff.

*A. J. Vanderpoel,* for Mrs. Dyett.

*Richard S. Newcomb,* for defendant, Bernstein.

VAN VORST, J.— This is an action for the foreclosure of a mortgage, in which it is sought to hold the defendants, Mary J. Dyett and Isaac Bernstein, for any deficiency which may arise on the sale of the mortgaged premises.

With respect to Mrs. Dyett, it is claimed that she is so liable, for the reason that Pecase, the martgagor, conveyed the mortgaged premises to her, and that by the covenants contained in the conveyance, she, as grantee, assumed the payment of the mortgage.

When the conveyance was made to her, Mrs. Dyett was a married woman. The facts in respect to this conveyance may be shortly stated thus :

Her husband purchased the land from Pecase, and furnished all the consideration over and above the mortgage.

Without any communication with, or direction from, or knowledge of, his wife, but with the intention on his part of making her a gift of the premises, her husband directed that the deed should be made to his wife.

The deed of conveyance declared the premises to be conveyed subject to the mortgage in question, which, by the terms of the deed, the grantee assumed to pay, the amount being deducted from the purchase-money. Mrs. Dyett never saw the deed, and knew nothing of its existence or of its terms.

She had no separate estate at the time, except such as was created by this deed, and some other lots in an upper ward of the city. Her husband paid the interest on the mortgage with his own funds, together with the taxes, and without any direction from his wife.

The title stood in this way for over one year, when her husband made a new arrangement with Pecase, by which he agreed to take back the land. And it was reconveyed, the purchaser assuming the payment of the mortgage. Upon the reconveyance, for purposes of his own, Pecase desired that the name of the grantee should be left blank, but it was afterwards filled in with the name of one Goldsmith.

This conveyance was executed by Mrs. Dyett, but it does not disclose on its face that Mrs. Dyett had any interest except a right of dower.

It is a deed from Dyett and wife, in which she relinquishes her claim and right of dower.

I do not think that these facts justify a judgment against Mrs. Dyett for any deficiency in proceeds arising on the foreclosure of the mortgage.

Although, under the authorities, it is not necessary to bind a grantee to an assumption clause in a deed, that he should have signed the deed (*Wales* agt. *Sherwood*, 52 *How P. R.*, 413 *and cases cited*), yet it should appear that the undertaking to pay a mortgage therein provided for, was his act and agreement.

An acceptance of the deed, and entering into possession thereunder, would be evidence that it was his undertaking by which he would be bound (*Atlantic Dock Co.* agt. *Leavitt*, 54 *N. Y.*, 35).

Her husband, unless authorized by her to enter into such an undertaking for her and to accept a deed containing such covenant, could not bind her by an obligation of this nature contained in the deed. She was in complete ignorance of the whole transaction.

It is true that she was asked to, and did, join in a conveyance of the property to Goldsmith, but there is nothing to show, in the evidence, that she then knew that the title to the land stood in her name. There is nothing in the deed she signed to show that she approved or adopted, by such act, the taking, by her husband, of the title in her name or that she ratified the insertion, in the deed, of an obligation, on her part, to pay this mortgage. Although a married woman may enter into engagements in respect to her separate property, there is nothing in the marital relation which authorizes a husband, without his wife's knowledge or assent in this way, to create an estate in her and charge her personally with covenants in respect to it, of the very existence of which she

remains in ignorance (*Culver* agt. *Badger*, 29 *N. J. Eq.*, 74). Other points are raised by this defendant, which are urged as fatal to the plaintiff's claim, but it is not necessary to pass upon them in view of what is above stated.

I conclude, therefore, that Mrs. Dyett is not chargeable with any deficiency ; and this result also disposes of the claim interposed by the plaintiff against the defendant, Bernstein. For if the grantors in the deed to Goldsmith were not liable to pay the mortgage, the obligation of Goldsmith to them in respect to the payment of the mortgage does not inure to the holder.   A promise to pay, of which the holder of the mortgage can take advantage, must be made to one liable to pay the debt (*Gurnsey* agt. *Rogers*, 47 *N. Y.*, 233 ; *Wise* agt. *Fuller*, 29 *N. J. Eq.*, 266 ; *Vrooman* agt. *Turner*, 69 *N. Y.*, 280).   In this view, therefore, the defendant Bernstein's promise to Goldsmith, who was not liable, cannot be enforced by the plaintiff.

There should be judgment of foreclosure and sale, but neither Mrs. Dyett nor Bernstein are held for any deficiency. The plaintiff is entitled to costs against the mortgagor.   In regard to the claim of the defendants, Mrs. Dyett and Bernstein, for costs, I hesitate, somewhat.   But, upon the whole, I think that they are entitled to costs against the plaintiff, subsequent to their answers.   The plaintiff was justified, from the condition of the record, in making them parties and interposing her claim ; but when the answers were in, she should have investigated the matter and not insisted upon the trial that they were liable.