(77 Misc. Rep. 619.)

NEWTON v. EVERS et al.

(Supreme Court, Equity Term, Erie County. September 27, 1912.)

1. INSANE PERSONS (§ 67*)—CONTRACTS—UNAUTHORIZED RESCISSION BY COMMITTEE—ESTOPPEL.

　　One who, after being restored to sanity, accepts the proceeds of a rescission of a conveyance agreed to by his committee, is estopped to repudiate the transaction.

　　[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 103; Dec. Dig. § 67.*]

2. MORTGAGES (§ 275*)—FORECLOSURE—ESTOPPEL AGAINST ADVERSE CLAIMS.

　　In 1884 B. received a deed, giving a purchase-money mortgage back to W. In 1885 B. was adjudged insane, and his committee, without authority, rescinded the conveyance. W., assuming that he was reinvested

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with title, conveyed to K., who conveyed to E., taking back a purchase-money mortgage, on which plaintiff sues as assignee. Defendant acquired title under mesne conveyances from E., assuming the last-mentioned mortgage, and conveyed to D. and C., without mentioning the mortgage. F., as attorney for D. and C., advised that their title failed because B.'s committee had no authority to convey back to W., and Mrs. F. took a quitclaim deed from D. and C. Afterwards B. was restored to sanity, and ratified rescission of W.'s deed to him, and deeded the land to Mrs. F. *Held*, that Mrs. F., being chargeable with knowledge of all the transactions, is not entitled to claim adversely to the mortgage sued on.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 772-781; Dec. Dig. § 275.*]

3. MORTGAGES (§ 556*)—DEFICIENCY—LIABILITY.

Defendant is not relieved from liability, on the theory that the committee's deed was void, and hence does not support the title under which the mortgage was given.

[Ed Note.—For other cases, see Mortgages, Cent. Dig. § 1592; Dec. Dig. § 556.*]

4. MORTGAGES (§ 280*)—ASSUMPTION—CONSIDERATION.

A deed reciting that it should be subject to possession of an actual occupant made the occupant's possession that of the grantee, supporting his promise to assume a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 737, 740-750, 757-760; Dec. Dig. § 280.*]

5. MORTGAGES (§ 425*)—LACHES.

Laches of a mortgagee in foreclosing will be set off against laches of a former owner, who assumed the mortgage, in failing to protect himself against accumulation of interest by taking an assignment of the mortgage and foreclosing.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1267; Dec. Dig. § 425.*]

6. MORTGAGES (§ 561*)—FORECLOSURE—LIMITATIONS.

The 20-year statute of limitations, but not laches of shorter duration, will bar suit to enforce a deficiency on mortgage foreclosure against a former owner, who assumed the debt.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609-1617; Dec. Dig. § 561.*]

Mortgage foreclosure by George M. Newton against Jesse Evers and others. Judgment for plaintiff.

J. L. Hurlbert, of Dunkirk (George E. Towne, of Silver Creek, of counsel), for plaintiff.

Philip A. Laing, of Buffalo, for defendant Kruse.

Wm. J. Magavern, of Buffalo, for defendant Ferguson.

D. N. McNaughton, of Buffalo, for defendant McKensie.

POOLEY, J. This action is brought to foreclose a mortgage upon real estate, and charging any deficiency that may result upon the obligors in the bond delivered at the same time, and also upon subsequent grantees to whom the property was conveyed by deeds containing assumption clauses by which the grantees assumed and agreed to pay the mortgage. When this action was commenced nearly 20 years had run since any payment had been made on the mortgage, and practically the same length of time had elapsed since Kruse conveyed the property, and plaintiff now seeks to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charge him with a deficiency which seems inevitable if the plaintiff succeeds in this action. This is the second trial of the case; the first trial resulting in the dismissal of the complaint, which judgment was reversed by the Appellate Division. 143 App. Div. 673, 128 N. Y. Supp. 327.

The premises in question, a farm of about 27 acres, was the property of Nelson Woodward, who in 1884 conveyed it by deed to one Blakely on payment of $500 cash and giving back a mortgage for $1,000. Blakely went into possession. In 1885 he was adjudged a lunatic, and the jury in lunacy proceedings found that the lunacy preceded the delivery of the deed mentioned. A committee of the person and estate of Blakely was appointed, and he proceeded at once to undo the transaction of this land, and without authority executed and delivered to Woodward a deed as committee, received back a mortgage from Woodward for the $500 paid, and procured from Woodward a discharge of Blakely's $1,000 mortgage. The $500 mortgage was subsequently paid by Woodward to the committee, and thus equitably Blakely and his estate were relieved of any responsibility regarding the purchase of this land, and of course he was estopped from claiming any interest in it.

Woodward, assuming that he had his title restored to him, conveyed the land to one Kinner in 1886, and in 1887 Kinner conveyed it to Jesse Evers, who gave back a purchase-money bond and mortgage for $1,500, which was assigned to plaintiff, and is now the subject-matter of this action. Evers subsequently conveyed to McKensie, and McKensie conveyed to Kruse and wife; the grantees in turn assuming and agreeing to pay the said mortgage. Up. to this point the case presents the ordinary features of a mortgage foreclosure, where the mortgage is assumed by subsequent purchasers; and, assuming that the title became revested in Woodward as above stated, there would seem to be no question to determine, except the amount due. But Kruse and wife conveyed to Drefs and Cook by warranty deed, no mention being made of the mortgage. Drefs and Cook sought advice from Mr. Ferguson, their attorney, as to their rights, and were advised by him that they had no title, because Blakely's committee had no authority to convey, and hence the deeds from Woodward down, after receiving the deed from Blakely's committee, conveyed no title. Drefs and Cook thereupon gave a quitclaim deed of the premises without consideration to Mr. Ferguson's wife, the defendant herein. Subsequently Blakely was by the Supreme Court declared restored to sanity. His committee accounted to him, and paid over to him a sum which included the $500 received from Woodward. A week after he was declared sane, Blakely executed and delivered a deed of the premises to Mrs. Ferguson, who defends here, and insists that the complaint should be dismissed as to her, on the ground that the plaintiff, mortgagee, has no right to make one who claims adversely to the title of the mortgagor and prior to the mortgage a party defendant, for the purpose of trying out his adverse claim

of title in a court of equity. She insists that this is her status here.

[1, 2] The Appellate Division (143 App. Div. 673, 128 N. Y. Supp. 327) has decided in this case that, while Blakely's committee had no authority to execute the deed, still "it will not be disregarded by a court of equity, when called upon to adjust the rights of the parties." Blakely was a lunatic when Woodward gave him the first deed, and hence that was a voidable transaction, for the reason that Blakely was incompetent to act. If, after this order declaring Blakely insane, Woodward had refused to receive back the property and cancel the mortgage and repay, he could have been compelled to do so for the reason stated. Blakely has had and has accepted repayment of all he had in the property, and is therefore in no position to repudiate the transfer of the property back to Woodward. The Appellate Division has held "that Mrs. Ferguson is in no better situation to repudiate the deed to Woodward than is Blakely." She is chargeable with knowledge of all these transactions, both from the records of them, and from their investigation by her husband, who acted for her and for Blakely, and is not in position to claim adversely herein.

[3] McKensie has been adjudged bankrupt, so that the claim for deficiency falls upon Kruse and the original mortgagors. Counsel for Kruse has strenuously urged that he should not be held liable for the deficiency, if any, and has presented various reasons which will be referred to.

First. The deed from Blakely's committee was void, and all subsequent conveyances, including the mortgage in suit, are for the same reason void. As above stated, the Appellate Division has decided adversely to this contention, and the effect of the determination is that the title was equitably restored to Woodward.

[4] The next contention is that Kruse never went into possession, that he could not get possession, and that, therefore, there was no consideration for the promise to pay. This is based upon the fact that McKensie, Kruse's grantor, had executed and delivered to one Hartman a contract for the sale of the premises to Hartman, and that Hartman went into possession, so that, when Kruse received the deed from McKensie, Hartman being already in possession, Kruse could not obtain it. The fact also is established, however, that the deed to Kruse recites this Hartman agreement, and provides that Kruse takes the conveyance subject to it. The possession by Hartman under the contract was McKensie's possession, and when McKensie conveyed to Kruse, subject to this contract, the possession of Hartman became Kruse's possession. The relation is no different than it would have been, had McKensie conveyed to Kruse, and Kruse had then executed the contract with Hartman.

[5, 6] It is doubtless a hardship for Kruse to be held liable for deficiency made up in part of interest for a period commencing nearly 20 years before the commencement of this action, and dur-

ing which period he has not been in position to occupy it or receive anything for its use. It is apparent that the owner of the bond and mortgage is chargeable with laches in permitting this claim. to accumulate against one who for many years has not owned the property. It may be urged that Kruse could not have compelled the owners to foreclose; but, if he was aware, as he should have been, that the mortgage was not being paid, he could have purchased and received an assignment of the mortgage, and compelled payment or received the property back through foreclosure. The owner of the mortgage would have been required either to follow his remedy against the land or relinquish his claim against one who had conveyed the property subject to the mortgage. There were laches, then, on both sides. If this were an exclusively equitable action, unreasonable laches might well be urged as a reason for withholding relief.

"It is and always has been the practice of courts of equity to remain inactive where a party seeking their interference has been guilty of unreasonable laches in making his application. Story's Eq. Jur. § 1520." Calhoun v. Millard, 121 N. Y. 69, 24 N. E. 27, 8 L. R. A. 248.

But in the same case (121 N. Y. 82, 24 N. E. 29, 8 L. R. A. 248) it is stated that:

"There may be a well-formed distinction between the case of an application for an equitable remedy in aid of, or to enforce, a legal right not barred by the statute, and the case where an exclusively equitable remedy is sought, such as to restrain proceedings at law, or upon the principle quia timet, to deprive an adversary of the muniment of his alleged legal right, which he inequitably retains. In cases of the latter class, long delay or acquiescence, although short of the statute period for the limitation of equitable actions, may be a ground for refusing relief."

I am aware of no case where this doctrine has been applied in an action to foreclose a mortgage upon real property, given as security for a covenant to pay an agreed sum representing the purchase price.

The assumption and agreement to pay the mortgage made Kruse the principal debtor, and the 20-year statute of limitations would alone relieve him. There is no covenant of payment in the mortgage, and Kruse assumes and agrees to pay the mortgage, no mention being made of the bond; but, the mortgage debt being part of the purchase price, the assumption clause in the deed becomes the covenant of the grantee. Atlantic Dock Co. v. Leavitt, 54 N. Y. 35, 13 Am. Rep. 556; Smith v. Truslow, 84 N. Y. 660; Bowen v. Beck, 94 N. Y. 87, 46 Am. Rep. 124.

The plaintiff will therefore have judgment of foreclosure and sale, with a claim for any deficiency which may arise, upon the original obligors, and also upon Kruse individually and as administrator, etc.