(160 App. Div. 52)

## ANGUISH v. BLAIR et al.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

1. CONTRACTS (§ 187*)—RIGHT OF THIRD PERSON—ENFORCEABILITY.

     Plaintiff's father devised his real estate to four of his children and gave plaintiff a legacy of $2,000, payable when he reached the age of 50. The will prohibited the devisees of the land from selling or dividing it during their life. The heirs treated this inhibition as invalid as suspending the power of alienation and in consideration of plaintiff's executing a quitclaim to the land the grantees executed an instrument whereby, for value received, they agreed to pay plaintiff $2,000. The several grantees united in conveying property to defendant, one of the children; the deed containing a covenant requiring defendant to discharge the obligation to plaintiff. *Held*, that the covenant was enforceable.

     [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

2. LIMITATION OF ACTIONS (§ 22*) — RUNNING OF STATUTE — COVENANTS IN DEED.

     Where a grantee of land accepted a covenant obligating her to pay a sum of money to a third person, such a covenant is barred only by the 20-year statute of limitations.

     [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 100–111; Dec. Dig. § 22.*]

3. EVIDENCE (§ 441*)—DOCUMENTARY EVIDENCE—PAROL EVIDENCE TO VARY.

     Where a deed to land contained a covenant obligating the grantee to pay a sum of money to another, the grantee could not show evidence of an oral agreement regarding the payment.

     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

4. CONTRACTS (§ 322*)—ACTION—EVIDENCE—SUFFICIENCY.

     In a suit on a covenant in a deed obligating the grantee to pay a sum of money, evidence that the obligation had been discharged *held* insufficient to go to the jury.

     [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. § 322.*]

Appeal from Trial Term, Madison County.

Action by Henry Gustavus Anguish against Mary E. Blair and others. From a judgment for plaintiff and an order denying defendants' motion for new trial, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

E. L. Hunt, of Oneida, N. Y., for appellants.

Edward C. Hyle, of Syracuse, for respondent.

JOHN M. KELLOGG, J. Andrew Anguish, by his last will, devised his real estate to four of his children, James A., Cora E., Herbert S., and the appellant. To the plaintiff he gave a legacy of $2,000 payable when he became 50 years of age, "provided, however, that in case he shall have no children or child surviving when the said Henry Gustavus shall arrive at the age of fifty years and provided also that if said legatee shall die before arriving at the age of fifty years, then

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the happening of either of said events" he gives and bequeaths the same sum to six other children. The devisees were required not to sell or incumber the real estate during their lifetime, or the lifetime of the survivors, but to keep it as a homestead, cultivate and carry on the farm, and discharge the liens and incumbrances thereon at the time of his death, and to pay off all debts and to pay the plaintiff's legacy.

[1, 2] The pleadings practically concede, and all of the children evidently understood, that the devise of the real estate was void because of the unlawful suspension of the power of alienation, and soon after the father's death the other children quitclaimed their interest in the real estate to the devisees named in the will, and the plaintiff for his conveyance received an instrument dated April 18, 1883, signed by the appellant and the other grantees in the deed, whereby for value received they jointly and severally agreed to pay him $2,000 in consideration of his having executed the quitclaim deed to them; the payment to become due and payment to be made according to the terms of the will of Andrew Anguish. July 15, 1884, James A. and Herbert S. Anguish, grantees in the deed, conveyed to the appellant Blair their interest in said premises, by instrument under seal, in which she agreed, among other things, to pay the promissory note of $2,000 to the plaintiff according to the terms of the will of Andrew Anguish.

The plaintiff became 50 years of age April 22, 1897, and had a child living at that time. This action was brought December 20, 1911, to recover said $2,000 and interest thereon from April 22, 1897.

The clause of the deed to the appellant by which she agreed to pay the plaintiff's note as a part of the consideration of the conveyance from James A. and Herbert S. was a covenant which the plaintiff might enforce, and the statute of limitations does not run thereon until 20 years thereafter. Atlantic Dock Co. v. Leavitt, 54 N. Y. 35, 13 Am. Rep. 556; Bowen v. Beck, 94 N. Y. 86, 46 Am. Rep. 124; N. Y. Life Ins. Co. v. Aitkin, 125 N. Y. 660, 26 N. E. 732.

[3] The defendant offered to show by parole that at the time the note or obligation was given to the plaintiff it was understood that the same was to be paid from the personal estate and that no liability was to be enforced against the makers. Such evidence was properly excluded for the reasons that it would vary and contradict the terms of the writing, and that the defendant cannot question the validity of the note after she had assumed its payment by the covenant in the deed from James A. and Herbert S. to her.

[4] The answer alleges as a defense that in or about the year 1883, while James A., Cora E., Herbert S., and appellant were the owners of the farm, the plaintiff wrongfully cut and sold a quantity of timber upon the farm and converted the proceeds to his own use, to the value of $1,800, and that it was subsequently agreed that the same should be a satisfaction of the liability on the note. There is no evidence tending to show any such agreement. It appears that July 25, 1890, the plaintiff, who had been managing the farm for the defendant, quit her service. She caused officers to remove him from the farm. An action or actions were brought against them therefor, which controversy was terminated by paying him the amount due for his services,

and he giving to her a receipt, dated July 25, 1890, in full for all claims and causes of action accruing or existing in his favor from January 1, 1889, to date. While the evidence as to the ties or timber was being received, the defendant's counsel said they did not claim that the note was paid thereby, unless it was paid morally. The court remarked, "I hold that the receipt, unless shown different, is a settlement of the ties," to which the defendant excepted. This gave the defendant ample opportunity to make further proof. Perhaps the receipt did not constitute in terms a settlement for the ties, but no claim was proved on account of the ties which could affect the legality of the plaintiff's claim.

The defendant's counsel moved for a nonsuit and dismissal of the complaint, which the court denied. Plaintiff's counsel asked the direction of a verdict. Defendant's counsel then asked to go to the jury on the questions: (1) Whether the deed from James A. Anguish and Mary E. Anguish, and the covenant contained therein regarding the note, was made for the benefit and indemnity of the plaintiff. (2) Whether the receipt signed by the plaintiff was a discharge of all existing demands, including the note. (3) Whether the note was given with the understanding that it should not be paid unless the amount should be found due and payable from the Andrew Anguish estate. The court denied the request and directed a verdict for the sum due upon the note and interest, amounting to $3,900. To the denial of the request and to the exception the defendant excepted. There were no facts to be submitted to the jury under the requests made by the defendant. We have examined the other questions raised and find no error calling for a reversal.

The judgment and order should therefore be affirmed, with costs. All concur.