# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF KENNEBEC, JUNE TERM, 1841.

---

## Cyrus Weston *vs.* John Hight, 2d. *Adm'r.*

In an action against an administrator, if it be shown that a paper given to the intestate was in his hands shortly before his decease, and that due notice was given to the defendant to produce it on the trial, and it is not produced, the plaintiff may give parol evidence of its contents.

The execution and delivery by a child to his father of a paper, not under seal, relinquishing all claim to the father's estate, on receiving a note against a third person indorsed by the father, is a good consideration for such indorsement.

Where a note had been given for the purchase money of a tract of land, and a bond had been given by the payee to the maker to convey the land on payment of the note, and where the note had been indorsed, and the indorser had deceased, and afterwards a partial payment had been made, but the land had not been conveyed; in an action by the indorsee against the administrator of the indorser, *it was held,* that the payee, under these circumstances, was not a competent witness for the defendant.

THIS action is the same in which a case is reported in 17 *Maine R.* 287, and was brought to recover against the defendant's intestate, *Hanson Hight,* as indorser of a note from *Joshua Gould* to him or order, dated *Feb.* 15, 1832, and indorsed as follows. " For a valuable consideration, I hereby assign the within note to my daughter, *Abigail Weston,* and order that the contents of the same be paid to her for her own use and benefit — *March 22,* 1832 — hereby assigning to her the same indemnity which I now have for the payment of said note. *Hanson Hight.*" The note was also

indorsed by *George B. Weston* and *Abigail Weston* thus. " Pay the contents to *Cyrus Weston* or order, without recourse to us for debt or costs." At the trial before EMERY J. the defendant objected, that the note and indorsement should not be given in evidence to support the action. The Judge overruled the objection. The plaintiff then offered *G. B. Weston*, the husband of *Abigail Weston*, as a witness, who testified to certain facts showing, that he made a demand upon *Gould*, the maker of the note, and gave notice thereof to the defendant, and demanded payment thereof, and also the indemnity for the payment thereof, and that the defendant refused. He also testified, that *Hanson Hight* died *Dec.* 18, 1832 ; that sometime before his death; the wife of the witness brought home the note ; that soon after that time, he was at the house of the intestate who brought to him a paper not under seal, which had been signed by *Abigail Weston*, relinquishing all claim she or her husband might have to the estate of her father ; that in consideration of the indorsement of this and other notes to his wife he signed this paper, which was taken by said *Hanson* and put among his other papers ; that he told said *Hanson*, that his administrator would say there was no consideration for the indorsement of the notes, that *Hanson* replied, that that could not be done, for he had received a full compensation for the notes, that the note was safe, and he had indorsed it so as to hold his estate ; that the farm on which *Gould* lived was holden for the payment of the note ; and that *Gould* had paid fifty dollars, and was unable to pay more. The defendant objected to proving the contents of the paper by parol. It appeared, that due notice had been given to produce it, and the objection was overruled. *Mrs. Weston*, testified, that her father told her, that he was making a disposition of his property, and proposed giving her $300, and this note was handed to her as part of it ; that her father told her, she could have the land or the money, and that he indorsed the note over, and it was holden on his property ; and that on account of these notes, she signed a paper relinquishing all claim to her father's estate ; and that he said, if *Gould* did not pay the money, either of her brothers would take the land and pay the money for the note. It was proved, that *Hanson Hight* had given *Gould* a bond to convey a farm to him on payment of the notes, but had

not conveyed the land. It was also proved by other testimony, that *Hanson Hight* said he had made a disposition of his property, and had given this note to his daughter. The defendant offered *Gould* the payee of the note, who held a bond from the intestate for the conveyance of the land on payment of the note, as a witness, but the Judge rejected him on the ground of interest. The defendant had objected to the admission of *G. B. Weston* and of *Abigail Weston*, but the objection was overruled by the Judge.

The defendant requested the Judge to instruct the jury, that the indorsement on the note was a contract by which said *Hanson* intended to assign his interest in said note with a right to the same security or indemnity, which said *Hanson* had for the payment of the same; and that said *Hanson* did not intend to make himself liable to pay the money on said note by said indorsement, and that said *Abigail* had a right to the same indemnity, which said *Hanson* had, when she took said note.

The Judge declined to give this instruction, and did instruct them, that if they believed the testimony, there was sufficient evidence of consideration for said indorsement; that the demand and notice were sufficient. The verdict was for the plaintiff, and the defendant excepted to the rulings, instructions and refusal to instruct.

*Wells*, for the defendant, in his argument, cited *Taylor* v. *Binney,* 7 *Mass. R.* 479; *Parish* v. *Stone,* 14 *Pick.* 198; *Fuller* v. *McDonald,* 8 *Greenl.* 213; *Smith* v. *Sinclair,* 15 *Mass. R.* 171; *Crane* v. *Marsh,* 4 *Pick.* 131; *Woodhull* v. *Holmes,* 10 *Johns. R.* 231; *Hubbly* v. *Brown,* 16 *Johns. R.* 70; *Bayley on Bills,* 465, 586, 591; 2 *Stark. Ev.* 298; *Freeman's Bank* v. *Rollins,* 1 *Shep.* 202.

*Tenney* argued for the plaintiff, and cited *Bayley on Bills,* 69; *Mead* v. *Small,* 2 *Greenl.* 207; 1 *Stark. Ev.* 356; 1 *Phill. Ev.* 389; *Taunt. &c. Turnp.* v. *Whiting,* 10 *Mass. R.* 327; *Stover* v. *Batson,* 8 *Mass. R.* 431; *Pierce* v. *Butler,* 14 *Mass. R.* 303; 4 *Day,* 108; 2 *Greenl.* 339; 13 *Mass. R.* 472; 15 *Johns. R.* 49; 4 *Mass. R.* 680; 1 *Johns. R.* 580; 4 *ib.* 43; 9 *Wend.* 410; 2 *Story's Eq.* 53; 6 *Johns. Ch. R.* 322; 17 *Mass. R.* 571; 15 *ib.* 90; 7 *Pick.* 274.

The opinion of the Court was drawn up by

EMERY J. — This case is now before us on exceptions. On the former hearing, the original note was lost, and the indorsement was proved by parol. The note, it seems, has since been found. We considered the transaction as not a case of *donatio causa mortis*, and granted a new trial for the purpose of doing complete justice to the parties, under the apprehension that there might have been such a release of the right and interest which *Weston* and his wife had in *Hight's*, the intestate's estate, by way of advancement, as might constitute a good consideration for the indorsement of the note to hold the administrator responsible. We did so, that the real truth might be made manifest.·

We think, on the facts now before us, on the exceptions, that *George B. Weston* was rightfully admitted to testify as to the contents of the paper, which he and his wife signed and delivered to the deceased, as due notice was given the defendant to produce it. How far the services of *Mrs. Weston,* she having lived with her father till she was 23 years old, went towards the estimation of the valuable consideration, which the indorsement mentions as received, we cannot undertake to say. But we are satisfied that the relinquishment signed by *Cyrus Weston* and his wife to the estate, together with all the papers taken together, shew an advancement; and that amounts to a good consideration for the indorsement. It was so intended and so accepted.

The requested instruction was rightly declined upon the evidence. There is more difficulty as to the rejection of *Gould* as a witness. He is the maker of the note, and at first blush would seem to have only a balanced interest. Generally to disqualify a witness, he must have some certain benefit or advantage depending on the event of the suit, or the verdict to be rendered must be available by him, either as a defence to some action, which may be brought against him, or in support of some claim to be made by him, or must be such as can be given against him in some action.

In the case 16 *Mass. R.* 118, *Fox* v. *Whitney,* a joint maker of a promissory note who signed as surety, merely, was held a competent witness for the other joint maker, in an action against him by the payee, for being a surety, he cannot be compelled to con-

tribute, if the plaintiff should recover ; and the verdict could not be used in evidence in an action against him.

In *Hartford Bank* v. *Barry,* 17 *Mass. R.* 94, which was an action by an indorsee against an indorser, the defence was, that the indorsement was for the accommodation of the maker, and that he subsequently procured the note to be discounted by the plaintiff at a greater than legal rate of interest. The maker was offered by the defendant to prove the usury. He was rejected, on the ground that the note was for all substantial purposes made at the time it was discounted and put into circulation, and therefore the usury was not a fact subsequent to the execution of the note.

So an agent, who signed as such for the promissor, was excluded in a suit by indorsee against promissors. *Packard* v. *Richardson,* 17 *Mass. R.* 122. In *Warren* v. *Merry,* 3 *Mass. R.* 27, in an action by the indorsee against the indorser of a promissory note, the defendant offered the maker as a witness to prove that before the note became due, he paid to the plaintiff fifty dollars on account therof, and gave him a new note for the balance which was received in full satisfaction ; *and the defendant having released the witness* from all demands on account of the note, it was held that he was competent.

No release appears to have been given to *Mr. Gould.* If the plaintiff prevails, and *Gould* have paid any thing toward the bond, and the defendant and other heirs should conclude not to convey to *Gould,* we do not perceive but what he may lose what he has paid. And if the defendant should insist on *Gould's* paying first the costs, as in equity he might, we believe that *Gould's* interest is not equally balanced.

For this action might be defeated by his testimony, and after the verdict, the note would be capable of being transferred by this plaintiff, to charge *Gould.* A prior holder may take it and then sue, or the indorsee may surrender it to *Gould.* So that not merely on account of his being the maker, but as having a bond for the conveyance of the estate, for the payment of which, the note was given, will he be in a better condition if he can show it was paid, than if it were not paid. And therefore he was rightly rejected

*Exceptions overruled.*