Van Alstyne v. Van Slyck.

10b 383
5ap449

SAME TERM.    *Watson, Parker, and Wright*, Justices.

VAN ALSTYNE *vs.* VAN SLYCK and C. H. GARNER.

The plaintiff leased certain premises to M. M. G.  Annexed to the lease was an undertaking signed by V. S. and C. H. G., in these words : "In consideration of one dollar in hand, to me paid by M. M. G., I hereby covenant and agree, to become surety for the faithful performance of said G.'s covenant as expressed in the above said lease." This was sealed with but one seal, which was opposite the name of V. S.  In an action of covenant upon this instrument, by the lessor, against V. S. and C. H. G.  *Held*,

1. That although it did not expressly appear on the face of the writing, to whom the covenant was made, yet that reference being made therein, to the lease, both instruments must be read together, to ascertain what was the contract of the parties ; and that being taken together, the instruments were equivalent to an express covenant to the plaintiff.

2. That even if this were not the rule, the fact of executing the covenant under the plaintiff's lease, and delivering it to the plaintiff, would bring the case within the principle recognized in *McLaren* v. *Watson's Executors*, (19 *Wend.* 557 ; 26 *Id.* 425,) and enable her to recover thereon.

3. That the consideration mentioned in the writing was sufficient to render the covenant valid; and that the objection that there was no mutuality, was not available.

4. That the obligation of the defendants was joint and several.

5. That the defendants were both jointly liable in covenant, although there was but one seal affixed to the instrument, and that was opposite the signature of the first signer.

6. That the declaration averring that the covenant declared on was " sealed with the seals of the said defendants," and the truth of that averment being admitted by the demurrer, the court must regard the seal appearing upon the instrument, as having been placed there by both defendants.

Where there is but one seal to a contract signed by several persons, it will be presumed to be the seal of the party whose name is prefixed to it.  But upon proof of its being attached by the authority of the other parties to the contract, it will be held to be the seal of all.

Van Alstyne *v.* Van Slyck.

DEMURRER to declaration, in an action of covenant. The declaration set forth the execution of a lease between the plaintiff and one Martin M. Garner, on the 24th of March, 1845, of a tavern stand and premises in the town of Canaan, in the county of Columbia, for the term of one year, at a rent of $250, to be paid by Garner quarterly. The declaration then alledged, that in consideration of the premises, and of one dollar to them in hand paid by the said Martin M. Garner, the defendants afterwards, to wit: at the time and place aforesaid, in and by a certain other bond or writing obligatory, then and there made between the said plaintiff and the said defendants, and delivered to the said plaintiff, (annexed to, or accompanying, the lease,) sealed with the seals of the said defendants, covenanted and agreed to and with the plaintiff, to become surety for the faithful performance of the said Martin M. Garner's covenants in the said lease. The declaration then alledged the entry of Martin M. Garner into the possession of the demised premises, by virtue of the lease, and his occupation thereof during the term granted thereby, and set forth various breaches, including the non-payment of the rent reserved, and claimed that the sum of $250 was still due and unpaid, for rent. It alledged that a demand of payment was specially made of Martin M. Garner, and of the defendants, at the time the same became due, and afterwards. The declaration also averred notice to the defendants, of the other omissions and defaults of the lessee, and that they were specially requested to perform and fulfill the covenants contained in the said lease on the part of Martin M. Garner, and their neglect and refusal to do so.

The undertaking upon which the defendants were sought to be charged, as appeared from the oyer thereof, was annexed to the lease, and was as follows :

" In consideration of one dollar in hand, to me paid by Martin M. Garner, I hereby covenant and agree to become surety for the faithful performance of said Garner's covenants as expressed in the above said lease. Sealed with my seal, and dated this 3d day of April, 1845.          JOHN P. VAN SLYCK, [L. S.]
    Witness, S. V. Cady.          CHRISTOPHER H. GARNER."

The defendant Van Slyck demurred to the declaration, and assigned several causes of demurrer; the most material of which are stated in the opinion of the court.

*J. H. Reynolds,* for the plaintiff.

*G. W. Bulkley,* for the defendants.

*By the Court,* PARKER, J.  It is first objected, that the plaintiff is not a party to the covenant. That the defendants contracted with Martin M. Garner, from whom the consideration of one dollar was received, and not with the plaintiff.

The law is, undoubtedly, well established, as claimed by the defendants' counsel, that no one but a party to a covenant can maintain an action for a breach of it.  Thus, where A. covenanted with B. that he would maintain C., the wife of B., in case she survived him, held that C., after the death of B., could not maintain an action of covenant, in her own name, upon the deed.  (*How* v. *How,* 1 *N. Hamp. Rep.* 49.)  In this respect it is held that *covenant* differs from *assumpsit.*  (*Hinckley* v. *Fowler,* 18 *Maine Rep.* 285.  *Spencer* v. *Field,* 20 *Wend.* 87. *Sailly* v. *Cleveland, Id.* 156.)

And when by the terms of the covenant a person is described as the party, he will be deemed the party, though it appears that he acted for the benefit of a third person.  Thus, a contract made in the name of the agent, is not obligatory upon the principal.  (*Spencer* v. *Field,* 10 *Wend.* 87.  *Stone* v. *Wood,* 7 *Cowen,* 454.  *Fowler* v. *Shearer,* 7 *Mass. Rep.* 19.)  In *Townsend* v. *Hubbard,* it was recited in the body of the covenant, that the agreement was entered into between the principals; but the conclusion was as follows : "In witness whereof the said H. B. as attorney of the parties of the first part, and the said parties of the second part have hereunto set their hands and seals," &c.  It was held to be the deed of H. B., and that an action would not lie in the name of the persons previously named as parties of the first part; (4 *Hill,* 351. *Townsend* v. *Corning,* 23 *Wend.* 435;) because it appeared

affirmatively, that it was the seal of the attorney, and not of the principals. The covenant was, therefore, never executed by the principals.

But I am by no means satisfied the case under consideration is brought within that rule. Here it does not expressly appear, on the face of the writing, to whom the covenant is made. The receipt of one dollar from Martin M. Garner is acknowledged, in consideration of which the defendants covenant and agree to become surety for the faithful performance of said Garner's covenant, "as expressed in the above lease," &c. Reference is thus made to the lease, without which, the contract can not be understood. Both instruments must, therefore, be read together, to ascertain what was the contract of the parties. There is no pretence for saying, that the defendants covenanted with Martin M. Garner, though they received the consideration from him. They do not bind themselves to Garner, but they become his sureties for the performance of certain covenants ; to whom they bind themselves, is to be ascertained from the annexed lease, to which reference is made. I think both instruments taken together, are equivalent to an express covenant to the plaintiff. But if it were otherwise, the fact of executing the covenant under the plaintiff's lease, and delivering it to the plaintiff, would, I think, bring the case within the principle recognized in *McLaren* v. *Watson's Executors*, (19 *Wend.* 557, *S. C. in error* 26 *Id.* 425 ; *Burge on Suretiship*, 31 ; *Bateman* v. *Phillips*, 15 *East*, 272.)

The objection, that there is no mutuality between the parties, is not available. It is not essential to the validity of a writing, that it should show mutuality. It is sufficient if the party sued is shown to be liable. (*Burge on Suretiship*, 31. *Stebb* v. *Sill*, 1 *Camp.* 262. *Newberry* v. *Armstrong*, 6 *Bing*, 201. 4 *Carr. & Payne*, 59. *Moody & M.* 389. *Martin* v. *Bun*, 2 *Adol. & Ellis*, 19.) Here the consideration mentioned in the writing, is sufficient to render the covenant valid. It is entirely immaterial from whom the consideration proceeds. The instrument being under seal, it would have been binding on the defendants, though no consideration had been expressed. The

Van Alstyne *v.* Van Slyck.

seal removes it from the operation of the statute of frauds. (*Douglass* v. *Howland,* 24 *Wend.* 35. *Bush* v. *Stevens, Id.* 256. *McCarty* v. *Blevins,* 5 *Yerg.* 195. *Adams* v. *Dean,* 12 *Mass.* 137.)

The obligation of the defendants was clearly a joint and several one. Where a promissory note is written, " I promise to pay," signed by two persons, they are jointly and severally liable. (7 *Mass. Rep.* 58. *Story on Prom. Notes,* 957.)

But it is objected that there was but one seal, and that, therefore, both defendants can not be jointly liable in covenant. The oyer shows but one seal, and that is opposite the signature of Van Slyck, the first signer. Where there are several persons executing a deed, it is not necessary to affix a separate seal for each, provided it appear that the seal affixed was intended to be adopted as the seal of all. (*Perkins,* 59, § 134. *Sir Wm. Jones' Rep.* 268. 1 *Dall. Rep.* 63. 3 *Monroe,* 376. 2 *Dev.* 493.) It was so held, where a deed was executed by an attorney for several persons. (*Townsend* v. *Hubbard,* 4 *Hill,* 351.) And where one of two partners executed a bond to which he subscribed the name of the firm and affixed one seal, the other partner having previously read and approved the bond, and consenting that his copartner should execute it for both, and being in the store at the time of its execution, though it was not actually signed and sealed in his immediate presence ; this was held a good execution of the bond, so as to make it the deed of both. (*Mackay* v. *Bloodgood,* 9 *John.* 285.) In *Bull* v. *Dunsterville,* A. executed a deed for himself and his partner, by the authority of his partner, and in his presence ; it was held a good execution of both, though only sealed once. (4 *Term Rep.* 313.) In *Flow* v. *Yandes,* (1 *Black.* 102,) it was held that two persons may make use of one seal in the execution of a bond, and it will be the deed of both. The case of *Stabler* v. *Cowman,* (7 *Gill & John.* 284,) is, perhaps, more like that under consideration. It is there said, the same contract may be the specialty of one, and the parol agreement of another ; and such is this case, if the seal affixed is that of Van Slyck alone, and not of Garner. In *Stabler* v. *Cowman,* it is also held, that where

there is but one seal to a contract, it is presumed to be the seal of the party whose signature is prefixed to it; but upon proof of its being made by the authority of the other parties to the contract, it will be held to be their seals respectively. If, instead of demurring in this case, the defendants had severally pleaded *non est factum,* the rule last referred to would have been applicable. On the trial the seal would be presumed to be Van Slyck's alone, until the plaintiff proved affirmatively it was the seal of both defendants. But the defendants are not in a situation to deny here, that it is not the seal of both of them. The plaintiff avers in her declaration, that the covenant declared on was "sealed with the seals of the said defendants," and this averment is admitted by the demurrer. In giving judgment, therefore, upon this issue, the court must regard the seal that appears upon the instrument, as being placed there by both defendants.

I think the declaration and oyer exhibit a good cause of action, and entitle the plaintiff to recover. The other objections are to matters of form only, and in my opinion, are not well taken.

There must be judgment for the plaintiff, with leave to the defendants to amend on payment of costs.

---

SAME TERM.     *Before the same Justices.*