Ludelin©, C. J.
The plaintiffs are the indorsees of a note for $5000, which they allege they acquired before maturity, in good faith and in due course of business, and they sue the maker thereof for its amount.
The defense is that the note was executed in favor of F. W. Miehoux, for supplies advanced and to be advanced, to defendant; that the. advances amount to $1154 12, and that the balance of the note is with *562 out consideration. The note is secured by a mortgage and is paraphed m varietur by the recorder. The case was tried by a jury, who rendered a verdict in favor of plaintiffs for $1094 12, without a mortgage, and plaintiffs appealed.
It is contended that the plaintiffs are only the pledgees of the note and not the owners thereof. One holding a note as collateral security or as a pledge, to the extent of his debt, is the owner of the obligation for all practical purposes. It is not shown, in this case, that the debt to be secured is less than the amount of the note, even if it had been shown that plaintiffs held it as a pledge.
The note, being negotiable and having been acquired before maturity by the plaintiffs, the equities between the original parties can not be noticed in this suit. Where one of two parties must bear a loss, he who has made the loss possible, must suffer. The mortgage is accessory to a principal obligation, which it is designed to strengthen, and of which it is to secure the execution. C. C. 3284. ADd it follows, the principal obligation, like a shadow follows its substance.
The defendant admits the rule, that equities between the parties can not be urged against an innocent purchaser of commercial paper, acquired before maturity ; but he says that rule does not apply in such a case as this, because the note is paraphed ne varietur by the notary, and that charged him with notice, and that the act of mortgage, in Morehouse parish, showed that the note was for advances made and to be made. If this were true, it would result that mortgage notes or bonds are not negotiable; that the security, which is intended to give them value in the commercial world, destroyed their negotiability. The statement of the proposition shows its fallacy. The Civil Code declares that “a mortgage may be given for an obligation, which has not yet risen into existence.” Art. 3292; 10 B. 383. And 3293, which says “ the right of mortgage, in this case, shall only be realized in so far as the promise shall be carried into effect by the person making it,” applies to cases between the parties to the contract, or in which the principal obligation is not negotiable.
Tim plaintiffs, however, have only asked to have the mortgage recognized to the extent of $3664 12, with interest from first May, 1873.
It is therefore ordered and adjudged that the judgment of the district court be annulled, that the verdict be set aside, and that there be judgment in favor of the plaintiffs and against the defendant for five thousand dollars, with eight per cent, interest per annum from the first of December, 1873, and costs of both courts; and that the mortgage referí ed to in the petition on the property therein described be recognized and made executory to the amount of $3664 12, with eight per cent, per annum interest from first May, 1873.